Merrill<br><i>vs.</i><br>Sanborn et a.

<i>Judgment for the tenants.</i>

---

## JOHN WASON *vs.* RUFUS SEVERANCE.

2   501<br>66   249

Selectmen may grant a license to keep tavern for any term less than a year.
Selectmen have no authority to license a shop keeper to keep tavern in his shop.
A license to keep tavern in a particular house will not render legal a sale of spirit at any other place, than the house and its appendages, unless it be to persons who are guests at the tavern.

THIS was an action of debt; the declaration was as follows :

" For that the said *Severance*, at Chester aforesaid, on the " tenth day of March, 1818, sold and delivered to one *T. F.* " brandy, by retail, that is, in a less quantity than one gallon, " sold, delivered, and carried away, at one and the same " time, to wit, one gill, without a license to exercise the busi- " ness of a taverner, or retailer, first had and obtained in " writing from the selectmen of said Chester, the town " where said *Severance* did then belong, for which he the " said *Severance* took and received of him the said *F.* the " sum of eight cents, contrary to the form of the statute in " such case made and provided, &c.; whereby the said " *Severance* has forfeited $6 66," &c.

The defendant pleaded *nil debet*, upon which issue was joined. The cause was tried at August term of the common pleas in this county in 1820, when the jury returned a special verdict as follows. " The jury find that the said *R.* " *Severance* on the 10th March, 1818, sold one gill of bran- " dy to *Thomas F.* for the price of eight cents, in Chester, " in said county ; that the brandy aforesaid was sold at a " certain bench, about eleven rods from *James Severance's* " house and shop in said Chester ; that the said *Rufus Sev-* " *erance* in selling said gill of brandy, acted as the servant " and by the employment of *James Severance*, of said Ches- " ter, and that the said *James Severance* had from the select- " men of said Chester a license, which was duly recorded

Wason
*vs.*
Severance.

" in the town records in said Chester, February 23, 1818,
" in the following form, to wit.

" Rockingham, ss.   To the town clerk of Chester, *James*
" *Severance*, gentleman, of said Chester, is hereby licensed
" to keep an open tavern at his house and shop on the 10th
" day of March next, it being the day the annual town meet-
" ing is held in Chester, and likewise at the adjournment if
" there should be any.

W. G.   } Selectmen
M. H.   } of
J. J. U. } Chester.

" Chester, February 23, 1818."

*A. Kent* and *Mason*, for defendant.

*French* and *J. Smith*, for plaintiff.

Richardson, C. J.   The jury having found in this case,
that the defendant sold brandy by retail, as alleged in the
declaration, the question is, whether he is precluded by the
license which the jury have also found, from the penalty,
which the statute has imposed upon the offence of selling
ardent spirits by retail without license   The terms of the
license found, are, it is believed, a little unusual.   *J. Sever-
ance* is thereby licensed to keep an open tavern at *his house*
and *shop* on a *particular day.*   We are not, however, aware
of any ground upon which a license can be held invalid, be-
cause it is confined to a particular day.   There may be oc-
casions when a license to keep tavern on a particular day
would be expedient and proper ; and it must be presumed,
that the selectmen of towns will grant licenses only upon
proper occasions.   Selectmen ought, however, to be cau-
tious how they grant licenses of this kind.   For if granted to
the injury of established public houses, merely to promote
the interest of the individual licensed, without being justified
by any public convenience to result from them, they can be
viewed in no other light than a gross abuse of the authority
by law entrusted to selectmen.   In the present case, we find
nothing that can lead us to doubt that it was fit and proper
that a license should be granted by the selectmen to *J. Sev-
erance.*   Nor is the validity of the license, as respects the
house, affected by the circumstance that it includes the shop.

If the shop was a necessary appurtenance to the house, that clause in the license was unnecessary ; because a license to keep a tavern, necessarily includes a license to use all proper buildings for that purpose.  What the shop was does not appear.  If it was a common store, not appurtenant to the house as a tavern, the selectmen had no authority to license it as part of a tavern ; and that part of the license was unfit, improper, and void.  It is said, that selectmen are sometimes so forgetful of their duty as to license store-keepers to keep tavern, who have in fact no intention to open a tavern, but wish merely to avail themselves of the license to sell mixed liquors and spirits in less quantities than a pint in their stores.  But it ought to be generally understood, that such licenses are shameful attempts to evade the law ; are alike disgraceful to those who give and those who receive them ; are utterly void for any such purpose, and will afford no protection from the penalties of the statute to those who sell mixed liquors in stores, not appurtenant to houses actually kept as taverns.  But we entertain no doubt, that so far as respected the house, the license to *James Severance* was valid, and entitled him to all the privileges and immunities of an innholder.

But it is very obvious, that a license to keep tavern in a particular house, is not a license to sell brandy from benches, erected any where in the neighborhood of the house licensed.  This is very clearly shewn by the provisions of the act regulating licensed houses.  The objects of that statute were, in the first place, to prevent improper persons from opening taverns ; and in the next place to prevent taverns from becoming disorderly, and nuisances to the public, by placing them under the inspection of the selectmen of the towns in which they are situated.  Thus the 8th section of the statute declares, " that it shall be the duty of " the selectmen carefully to inspect all licensed houses, and " in no case to license persons that keep disorderly " houses."(1)  If innkeepers, by virtue of a license to keep tavern, have a right to sell ardent spirits and mixed liquors at other places than the house licensed and its appendages,

(1) 1 N. H. Laws 374.

within the true meaning of the statute, and that by their agents, it is in vain that licenses are directed to be recorded; it is in vain made the duty of selectmen to inspect licensed houses; for no man can know what is and what is not a licensed house. Any individual, who can obtain a license to keep tavern, may make every man, woman and child in the town his agent, and convert every house, barn and shop in town into a licensed house. Nothing can be clearer, than that this would be contrary both to the letter and spirit of the statute; and we are clearly of opinion, that a license can avail an innholder only while acting as such within the limits of the house licensed, and its necessary appendages and appurtenances.

In the present case, the jury have found that the defendant was the agent of *James Severance* in the sale of the brandy; but they have not found that the bench and the place where the sale was made had any connexion with the tavern, or that the person, to whom the sale was made, was a guest who had resorted to the tavern for refreshment. Indeed, it is not found, that a tavern was opened at all at the house or shop. *James Severance* was licensed to keep tavern on the day of the annual meeting of the town in March; and for aught that appears, his whole establishment was nothing but a bench standing near the place of the meeting, and an agent employed in retailing brandy to the electors—an establishment which cannot in law be considered as a tavern in itself, or as any necessary appendage to a tavern. We are therefore of opinion, that this is a verdict in favor of the plaintiff, and that he is accordingly entitled to

*Judgment upon the verdict.*